UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KELLYANN McKENZIE,

                 Plaintiff,                    **MEMORANDUM & ORDER**

     -against-                    23-CV-4556 (NRM) (LB)

CRAIG BROWN,

                 Defendant.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

Plaintiff Kellyann McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on June 14, 2023. ECF No. 1. She filed an Amended Complaint on June 26, 2023. ECF No. 4. Her request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. However, for the reasons set forth below, the Amended Complaint is dismissed for lack of jurisdiction.

## I. Background

The Amended Complaint is filed on a form complaint for civil actions. ECF No. 4. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Federal Question and describes her claim as "intentional infliction of emotional distress." *Id.* at 4. Plaintiff provides addresses for herself and Defendant in New York. *Id.* at 2; *see also id.* at 7 ("Defendant . . . resides in New York."). Plaintiff asserts that Craig Brown ("Defendant") is the father of her daughter. *Id.* at 7. She states that, while she was pregnant, she informed Brown that she was pregnant and asked him for food expenses. *Id.* Plaintiff alleges that "Defendant refused to assist Plaintiff and told Plaintiff not to return to his home. He also stated that if she did, he would contact the authorities." *Id.* Plaintiff claims

that Defendant told her to have an abortion.  *Id.* at 8.  Although Plaintiff does not provide the dates on which she asserts that these events took place, the Amended Complaint does state that she gave birth to K.M.M. in 2013.  *Id.*  No father was listed on the birth certificate.  *Id.*

Plaintiff asserts that "Defendant began to show up to Plaintiff's home with items needed for his daughter," but then abandoned his child "after he saw Plaintiff was not interested in him." *Id.* at 8.  Plaintiff sought child support from Defendant in Queens County Family Court.  *Id.* at 8-9.  A DNA test "showed Defendant as the father and Defendant began to pay child support." *Id.* at 9.  Plaintiff claims that Defendant began a relationship with Plaintiff's mother "and the two brought Plaintiff to court to have daughter removed out of Plaintiff's sole custody." *Id.* at 9-10.  Plaintiff claims that her mother and Defendant plotted to bring Plaintiff and Defendant back together.  *Id.* at 9-10.  She claims that Defendant and her mother tried to control her life and interfered with her relationship with other family members.  *Id.* at 10-11.

Plaintiff alleges that Defendant's actions caused "intense emotional trauma and psych trauma" that aggravated her existing condition of bi-polar disorder.  *Id.* at 11.  She seeks $500,000 in damages.  *Id.* at 5-6.

## II.  Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  At the same time, federal courts give special consideration to *pro se* plaintiffs.  *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008).  When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the court lacks jurisdiction over the action.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

### III.  Discussion

In this case, Plaintiff's complaint does not assert any valid legal basis for this Court to exercise jurisdiction over her claims, as she has neither presented a federal question nor asserted a basis for diversity jurisdiction.  Plaintiff states that her claim is for intentional infliction of emotional distress and describes a cause of action arising from personal conflicts between her and other private individuals. Although intentional infliction of emotional distress may form the basis for a cause of action under New York State law, it does not implicate any federal law or right. *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (describing intentional infliction of emotional distress as a "state law tort").  Furthermore, since both Plaintiff and Defendant are residents of New York State, Plaintiff may not rely on diversity of citizenship to assert federal jurisdiction over this potential state law claim.

Generally, a court should grant leave to amend at least once. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  However, "leave to amend need not be granted when amendment would be futile."  *Id.*  In this case, because Plaintiff has not suggested any factual allegations, parties to the lawsuit, or legal claims that would bring her disputes with the putative father of her child and her mother under the jurisdiction of the federal courts, amendment would be futile.

### IV.  Conclusion

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  Any potential state law claims are dismissed without prejudice to filing in state court.

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

SO ORDERED.

_/s/ NRM_____
NINA R. MORRISON
United States District Judge

Dated:      July 20, 2023
            Brooklyn, New York

5